ALBERT L. CONKLIN *v.* STEPHEN G. WOOD.

The notice to create a lien, pursuant to the act of 1851, as amended in 1855, must be verified in the same manner as a pleading under the Code of Procedure.

An affidavit subscribed to the notice, alleging that the statement of the balance due, as therein set forth, is true according to the deponent's knowledge, is not sufficient.

The defect is fatal to the whole proceeding to acquire and enforce a lien under this law, and it cannot be amended.

The defendant may avail himself of the objection at the trial, and need not raise it upon the return of the notice to account nor in his answer to the complaint.

GENERAL TERM, JULY, 1857.

THIS was an appeal by the defendant from a judgment rendered in favor of the plaintiff, upon the report of a referee in an action prosecuted under the act of 1851, as amended in 1855, for the better protection of mechanics and others.

The notice to create the lien, filed with the county clerk, pursuant to the sixth section of the statute of 1851, was as follows :

" To RICHARD B. CONNOLY, Esq., clerk of the city and county of New York :

" Sir—Please to take notice, that I, Albert L. Conklin, of the city of New York, have a claim against Stephen G. Wood, of the same place, amounting to the sum of $920 20, and that this claim is made for and on account of a balance due on a contract for carpenter work, and for mason work and extra work in an upon the premises hereinafter described, and for materials furnished, and that such work, labor and materials were done and furnished by said Albert L. Conklin, in pursuance of an agreement made between said Conklin and said Stephen G. Wood, which building is leased by said Stephen G. Wood, and is situated in the third ward of the city of New York, on the east side of West street, and is known as No. 142 of said street: And that I have and claim a lien on said building, and the appurtenances, and upon the lot of land upon

which the said building stands, pursuant to the provisions of an act of the legislature of the state of New York, entitled ' An Act of for the better security of mechanics and others erecting buildings, and providing materials therefor, in the city and county of New York,' passed July 11, 1851.

"Dated, New York, this 29th day of September, 1855.

"Indorsed,                    ALBERT L. CONKLIN.

"Filed 29th of Sept. 1855."

And to the notice was subscribed the following affidavit:

"City and County of New York, ss:

"Albert L. Conklin being duly sworn, says that the foregoing statement of the balance due from said Wood to this deponent, as set forth in the foregoing lien, is true according to deponent's knowledge.

ALBERT L. CONKLIN.

"Affirmed before me, this 29th
    day of September, 1855.

"THOMAS A. RICHMOND, Commr. of Deeds."

On the day the intended lien was filed, the notice, provided in the fourth section of the act of 1851, requiring the defendant to appear and submit to an accounting, was served upon the defendant, returnable October 22, 1851, at which time the parties appeared in this court. The usual order for the joinder of issues and for the service of pleadings was entered, and the cause proceeded upon complaint, answer and reply. A reference for the trial of the action having been directed, the proceedings were continued for several months, during which a mass of testimony was adduced upon either side.

The trial finally resulted in a report in favor of the plaintiff, affirming the regularity of his proceedings to effect and enforce the statutory lien contended for, and finding against the defendant upon the contested merits of the claim on which the alleged lien was founded.

A special judgment having been entered in the form prescribed by law and by the decisions of this court, the defendant appealed therefrom to the general term.

·The amount found by the referee due from the defendant was $825 88. Before the cause was referred, the defendant served upon the plaintiff an offer to allow the entry of a judg-- ment for $668 53, and costs.

Among the exceptions taken by the defendant's counsel to the decision of the referee, was an objection " to so much of the report as finds that the plaintiff served upon the clerk of the city and county of New York, the notice mentioned, pursuant to the act for the security of mechanics."

No question was raised upon the sufficiency of either the notice of lien or the verification thereof, upon the entry of the order for joining issues, nor in the pleadings, nor in any manner before the trial.

The notice of appeal from the judgment specified, among other grounds of objection, that the judgment contravened the statute of 1851, and the acts amendatory thereof, "in all re- spects, and particularly in respect to the lien notice."

*Benjamin T. Kissam,* for the defendant, made and argued the following with other points :   ,

I. The notice served by the plaintiff upon the county clerk does not conform to the provisions of the " act for the better security of mechanics and others," passed July 11, 1851, and. the act amendatory thereof, passed April 13, 1855 ; and hence this court has not acquired jurisdiction of the proceeding.

II. The first section of the act of 1851, gives a lien upon filing the notice prescribed by the sixth section, which pre- scribes four specific facts :

· 1. The amount of the claim ;

. 2. The person against whom the claim is made ;

. 3. The name of the owner of the building ;

, 4. The situation of the building by its street and number, if the number be known.

. Each and all of these specifications is and are vital to the proceeding ; and the notice having omitted the third one, viz., " the name of the owner," it is a nullity. (*Beals* v. *The*

*B'nai·Jeshurun*, 1 E. D.·Smith, 654; Sedg. on Stat. and Com. Law, 347, *et seq.*; *Cronkright* v. *Thomson*, 1 E. D Smith, 461.)

III. The notice is not verified in the same manner as a pleading is now required to be verified by the Code of Procedure. (Act of 1855, § 7; Code of Procedure, § 157; Requirements under the Code, *Van Horn* v. *Montgomery*, 5 Pr. Rep. 328; *Waggooner* v. *Brown*, 8 ib. 212; *Quin* v. *Tilton*, 2 Duer, 648; *Williams* v. *Riell*,. 11·Pr. Rep: 374;· *Tibballs* v. *Selfridge*, 12 ib. 64.)

*Edwin R. Bogardus*, for the plaintiff, made and argued the following with other points :

I. The notice of lien filed and offered in evidence by the plaintiff was competent.

It contained all that was required by the law.

It was filed within the time required by the law.

It was properly verified.

See *Kinkaid* v. *Kip*, 11 Leg. Obs. 313; *Radway* v. *Mather*, 5 Sand. S. C. R. 655.

II. The objection to the notice of lien comes too late, as it should have been taken advantage of on the return of the notice for an accounting and in the answer.

.The defendant should have objected to its sufficiency·by answer or demurrer; and he has waived the objection if tenable at all.

By THE COURT. INGRAHAM, FIRST J.—The notice to create the lien in this case was not· verified as required by the statute.

By the act of 1855, it is provided that such notice shall be verified in the same manner as a pleading. It cannot be pretended that an affidavit that the statement of the balance is due, is a verification' of all the facts stated in the notice—either of the plaintiff's· own knowledge or on information or belief. It does not verify the allegations that the contract was made,

nor that the defendants had any interest in the land, nor the location of the premises; all of which are as necessary to the validity of the lien as the statement of the balance. This defect is one which goes to the whole claim and cannot be amended.

It is suggested by the plaintiff that the defendant should have made the objection sooner. It is not obligatory on him to do so except on the trial.

Unless the plaintiff shows a valid claim under a lien duly filed, he cannot succeed in 'an action under this statute. A void notice furnishes no foundation for a judgment. The judgment should be reversed.

Judgment reversed.